# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DANIEL RENARD ANDERSON                                              PETITIONER

v.                         NO. 5:08CV00345 BSM/HDY

LARRY NORRIS, Director of the                                  RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

DISPOSITION

The record reflects that petitioner Daniel Renard Anderson ("Anderson") and a co-defendant were convicted of the following four offenses at the conclusion of a bench trial in Pulaski County, Arkansas, Circuit Court: (1) possession of cocaine with intent to deliver, (2) possession of MDMA (ecstacy) with intent to deliver, (3) the unauthorized use of another's property, and (4) possession of drug paraphernalia. For the offenses, Anderson was sentenced to concurrent twenty-five year terms of imprisonment in the custody of respondent Larry Norris ("Norris"), the Director of the Arkansas Department of Correction.

Anderson and the co-defendant appealed their convictions to the Arkansas Court of Appeals and advanced the following one claim on appeal: "the trial court erred in denying their motion to suppress the evidence that was seized during [a] search of [a] motel room." See Anderson v. State, 2008 WL 4149943 at 1 (Ark.App. 2008). In a decision dated September 10, 2008, the state Court of Appeals found that the defendants could not prove that they had a legitimate expectation of privacy in the motel room where they were sleeping. For that reason, the state Court of Appeals affirmed their convictions.

Anderson thereafter filed a petition for review with the state Supreme Court. The petition was denied by the state Supreme Court on December 4, 2008, and the appellate court mandate was issued that same day.

On December 29, 2008, Anderson commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. Liberally construing his pro se petition, he appeared to advance the following four claims: (A) the police violated his Fourth Amendment rights during the search of the motel room, (B) his motion to suppress was erroneously denied, (C) his attorney failed to provide effective representation, and (D) the state Supreme Court erroneously refused to review his convictions.

Norris responded to Anderson's petition by filing the pending motion to dismiss. See Document 4. In the motion, Norris advanced the following representations:

> Arkansas Rule of Criminal Procedure 37 provides that Anderson may timely raise his ineffective assistance of counsel claims in a petition filed within 60 days of the date the appellate court issued its mandate, or in Anderson's case, on or before February 2, 2009. Instead of filing a petition under Rule 37, however, Anderson filed his pending habeas corpus application on December 29, 2008.
>
> This Court should dismiss Anderson's petition without prejudice because it is a "mixed" petition that raises both exhausted and unexhausted claims. See e.g., Rose v. Lundy, 455 U.S. 509, 522 (1982). While he exhausted his Fourth Amendment claim on direct appeal, he may still raise his ineffective-assistance-of-counsel claims in a petition for relief under Ark. R. Crim. P. 37.

See Document 4 at 2.

Anderson thereafter filed a response to Norris' motion and did so with the assistance of counsel. Anderson's response was as follows:

-4-

> That [Petitioner] has no objection to Motion to Dismiss Petition for Writ of Habeas Corpus, without prejudice.
>
> **WHEREFORE**, the [Petitioner] prays that the Court dismiss the Petition for Habeas [C]orpus without prejudice and all other relief the Court deems proper.

See Document 6 at 1.

On the basis of the parties' submissions, particularly Anderson's response, the undersigned recommends that Norris' motion be granted and Anderson's petition be dismissed without prejudice. Judgment should be entered for Norris.[1]

DATED this ___15___ day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] As the undersigned noted above, Norris represents that Anderson has until February 2, 2009, to file a state court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. The undersigned takes no position on whether Norris' representation is accurate.